IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee, | ) |
| | ) |
| v. | )   APP. NO. 17-1331 |
| | ) |
| WAYNE A.G. JAMES, | ) |
| | ) |
| Appellant. | ) |

# APPELLANT'S RESPONSE TO COURT ORDER FOR BRIEFING ON APPEALABILITY AND APPELLATE JURISDICTION

Appellant Wayne James, by and through his counsel, Omodare B. Jupiter, Federal Public Defender for the District of the Virgin Islands and Brendan A. Hurson, Assistant Federal Public Defender, hereby responds to the request for briefing filed on February 13, 2017. Case # 17-1331, Doc. # 003112538297:

## INTRODUCTION

Mr. James raises a timely interlocutory appeal to the lower court's denial of his Motion to Dismiss and/or Suppress Evidence (hereinafter "Motion") based on legislative immunity. This Court requested that the parties address whether Mr. James' interlocutory appeal

is proper in a general sense, and also asked the parties to specifically address how the district's court denial of the Motion to Dismiss "without prejudice" might affect the appeal.

As the government conceded in its filing on February 21, 2017, there is no dispute among the parties that a lower court's decision on a question of legislative immunity is immediately appealable. As the Supreme Court has noted on several prior occasions, "[o]rders denying motions to dismiss an indictment on . . . Speech or Debate grounds are . . . immediately appealable." Flanagan v. United States, 465 U.S. 259, 266 (1984); see also Helstoski v. Meanor, 442 U.S. 500, 506-08 (1979). Mr. James' Motion alleged that the government improperly infringed on the speech or debate immunity afforded him as a Senator of the Virgin Islands by basing its indictment, and its case in chief at trial, on protected "legislative acts." Though the district court disagreed, this decision falls squarely within the narrow exceptions

to the "final judgement rule" that can be immediately appealed.

As to the lower court's ruling that the denial was "without prejudice," this oral pronouncement merely permitted the parties until 3:30 p.m. on the date of the oral order to supplement the record with additional relevant evidence. The court did not offer an invitation to raise the disputed issue during trial and did not waver in its denial of the Motion. As the attached transcript reflects, the Court was explicit in its denial of Mr. James' Motion and an interlocutory appeal was appropriately taken.[1]

## RELEVANT BACKGROUND

Mr. James is a former senator who represented the island of St. Croix in the Virgin Islands legislature from 1999-2001. He is charged by indictment with three counts alleging violations of federal law resting on the

---

[1] The lower court explained that following the submission of supplemental materials, it would "rule promptly if [the new materials] alter[ed] the Court's judgment." Tr. at 5. After receiving new materials, the Court did not change its ruling.

claim that, "while a senator, [he] proposed using Legislature funds to obtain, translate, and distribute copies" of historical documents related to the Fireburn – an uprising of former slaves on the island of St. Croix in what was then the Danish West Indies.  Indictment 1-2.  The government alleges that while he did receive the funds, he did not spend them in the manner requested and instead converted the funds for his own personal use. Id. at 2-3.  The first two charges against Mr. James, alleged violations of 18 U.S.C. § 1343 ("wire fraud"), involve separate wire transmissions allegedly in furtherance of the scheme noted above.  Count three essentially repeats the allegations in counts one and two, but also alleges "federal program embezzlement" in violation of 18 U.S.C. § 666(a)(1)(A).

On February 3, 2017, Mr. James filed a Motion to Dismiss the Indictment Or, In the Alternative, to Suppress Evidence.  Dkt. No. 87.  The Motion was based on Mr. James' assertion of the legislative immunity privilege of 48 U.S.C. § 1572 (d).  This provision, often

analogized to the Speech or Debate Clause of the U.S. Constitution, provides that "[l]egislators in the Virgin Islands, like their counterparts in the national and many state legislatures, enjoy immunity for actions taken in the regular course of the legislative process." Gov't of Virgin Islands v. Lee, 775 F.2d 514, 519 (3d Cir. 1985).

The district court immediately scheduled a hearing on the motion for February 7, 2017, and the government filed a lengthy opposition on February 6, 2017. Dkt. No. 103 (sealed attachments at Dkt. No. 104). The parties argued the Motion (and a separate motion to suppress) before the district court on February 7, 2017. Prior to the commencement of the hearing, the court asked whether both parties were prepared to proceed. Both parties affirmed that the Motion was ready for review and a debate of several hours ensued.

At the conclusion of the hearing, the district court made several oral rulings. First, it ruled that 48 U.S.C. § 1572(d) applied to the instant prosecution, thus holding that if the indictment of Mr. James rested on

protected legislative acts, it must be dismissed.  Tr. at 3 ("And the intent of Congress was to make the Speech or Debate Clause applicable here.").

Second, the court addressed "whether there has been some demonstration that there is some legislative act that would trigger the application of the Speech or Debate Clause."  Id. at 4.  Noting that "[t]his is not an easy question," the court ultimately ruled that "it is not clear that there's some significant legislative component to the acts undertaken by Mr. James that would trigger the protection of the Speech or Debate Clause," and it denied the Motion.  Id.  The court noted, however, that it would permit the defendant until later that afternoon to submit "such other matters as it referred to, as it feels would inform the Court."  Id.  The district court concluded by noting that "with respect to the triggering of the Speech or Debate Clause, the Court appreciates the defense's position, but is not persuaded that it's the winning argument at this point." Id. at 5.  The Court closed by reiterating that if the undersigned

provided additional documents, "the Court will rule promptly **if that alter[ed] the Court's judgment**." Id. (emphasis added).

Mr. James obliged the court's invitation and submitted newly received documents before the afternoon deadline. Dkt. No. 108 (later re-filed as Dkt. No. 119). The government also submitted a memorandum in response to the new documents. Dkt. No. 114.[2] After receiving the new information, and more the next morning, the lower court declined to revisit its oral ruling.[3]

---

[2] The court also indicated that the parties should be available for further argument on the matter later that afternoon, Tr. at 6, but contacted the parties by phone to inform them that no further oral argument would be necessary. On February 8, 2017, the undersigned received additional documents relevant to the Motion and sought leave of the district court to supplement the record. Dkt. No. 120. This request was unopposed by the government. This request was granted on the afternoon of February 9, 2017. Dkt. No. 126.

[3] Later, recognizing that trial was fast approaching and wishing to alert the court that he wished to take an interlocutory appeal on the question of immunity, Mr. James filed a motion to continue trial or, in the alternative asking the court to enter a formal order (or docket entry) on the Motion so that a prompt appeal could be taken. Dkt. No. 121. The government responded. Dkt. No. 122. Mr. James filed a reply to the government's

Mr. James filed a notice of interlocutory appeal of the court's oral order denying the Motion. Dkt. No. 128. While this would ordinarily divest the lower court of jurisdiction, Mr. James also filed a motion to stay proceedings out of an abundance of caution and to ensure compliance with Fed. R. App. P. 8(a). Dkt. No. 129. The court ignored that motion, however it did promptly re-schedule trial in the matter for a later date and requested a status report on this appeal "on the first day of each month." Dkt. No. 133.

Also, following two (2) conference calls and short briefing on the subject, the court granted the government's motion to take Fed. R. Crim. P. R. 15 depositions of two foreign witnesses over Mr. James' opposition. Dkt. No. 130 (Motion to Compel Rule 15 Depositions); Dkt. No. 135 (Order on Motion to Compel Rule 15 Depositions). On Monday, February 13, 2017, the

---

opposition, again noting his intention to take an interlocutory appeal to an adverse ruling on the speech or debate issue. Dkt. No. 123. When the lower court did not rule on this issue, Mr. James filed his interlocutory appeal.

depositions of these two witnesses were taken in St. Thomas. This Court's order to address the propriety of the interlocutory appeal was issued the same day.

On February 21, 2017, the government responded to this Court's request by conceding that "that this Court can exercise jurisdiction over [Mr. James']interlocutory appeal." Government Response, 4.

**ARGUMENT**

**A. An Interlocutory Appeal Can Be Taken on a Question of Speech or Debate Immunity.**

Section 1291 of Title 28 of the United States Code gives this Court jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. "In a criminal case, a judgment of conviction and sentence is necessary to create a final order which is appealable under 28 U.S.C. § 1291." United States v. Tovar-Rico, 61 F.3d 1529, 1536 (11th Cir. 1995); see also In re Solomon, 465 F.3d 114, 122 (3d Cir. 2006). This "final judgment rule" exists to "prohibit[] appellate review until

conviction and imposition of sentence." <u>Flanagan v. United States</u>, 465 U.S. 259, 263 (1984).

The only (admittedly narrow) exception to this rule of finality is for claims that qualify as "collateral orders." "The Supreme Court, on numerous occasions, has emphasized the narrowness of the collateral order doctrine in the criminal context." <u>United States v. Williams</u>, 413 F.3d 347, 354 (3d Cir. 2005). Thus, "[t]o come within this 'narrow exception,' a trial court order must, at a minimum, meet three conditions [to be immediately appealable: First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; third, it must 'be effectively unreviewable on appeal from a final judgment.'" <u>Flanagan</u>, 465 U.S. at 265 (citations omitted).

The Supreme Court has identified only four categories of interlocutory orders in criminal cases that meet these strict requirements. Among them is the long-standing rule that defendants may appeal a pre-trial ruling

denying Speech or Debate immunity. See United States v. Helstoski, 442 U.S. 477, 487 (1979); see also United States v. McDade, 28 F.3d 283, 288 (3d Cir. 1994)("Under . . . precedent, [an appellate court has] jurisdiction to entertain [a] defendant's claim that the Speech or Debate Clause requires dismissal of the entire indictment or particular charges contained in the indictment."). In addition to satisfying the three requirements of the collateral order exception, this exception to the ordinarily strict rule against interlocutory appeals exists to safeguard the very reason Speech or Debate Immunity exists in the first place: to protect legislators from "burden" of defending legitimate legislative activity. See Dombrowski v. Eastland, 387 U.S. 82, 84–85 (1967)("It is the purpose and office of the doctrine of legislative immunity, having its roots as it does in the Speech or Debate Clause of the Constitution, . . . that legislators engaged 'in the sphere of legitimate legislative activity', . . . should be protected not only from the consequences of

litigation's results but also from the burden of defending themselves.") (citations omitted); see also United States v. Rostenkowski, 59 F.3d 1291, 1297 (D.C. Cir. 1995), opinion supplemented on denial of reh'g, 68 F.3d 489 (D.C. Cir. 1995) (holding that "to delay review [of speech or debate immunity claims] until after trial would be to deny the Congressman the protection from 'the cost and inconvenience of litigation' to which he is entitled under that Clause.")(citation omitted).

Mr. James' motion dealt exclusively with the question of whether the underlying prosecution is barred by Speech or Debate immunity. The district court's oral denial of the Motion is the subject of the interlocutory appeal. This Court has recently re-affirmed – with the consent of the government – that an interlocutory appeal of this kind is proper. See United States v. Menendez, 831 F.3d 155, 166 (3d Cir. 2016), and concedes the same in this case. Government Response, 3-4. The lower court's order is immediately appealable as a "collateral order."

### B. The Denial of Mr. James' Motion to Suppress is a Final Order on the Subject at Hand.

"Under the collateral order doctrine," in the analogous civil context, "[a]n order denying a motion to dismiss a complaint against a[n] . . . official when the dismissal motion is based on the official's assertion of absolute or qualified immunity is immediately reviewable, to the extent that the denial turns on issues of law." State Employees Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 82 (2d Cir. 2007) (citations omitted). However, such review cannot be taken if certain factual determinations remain outstanding. Id.

Here, the court accepted evidence on the matter in the form of attachments to the relevant pleadings and at a hearing in open court. After reviewing that evidence and hearing legal arguments, it made a ruling that Mr. James' motion was denied. As noted, the denial was "without prejudice," but only in the limited sense that it permitted the parties to submit new evidence for consideration by 3:30 p.m. on the date of the hearing. Tr. at 5. After receiving this additional evidence, the

13

lower court chose not to modify its oral ruling. Since the court had assured the parties that it would only modify its denial of the Motion in the event the new evidence "alter[ed] the Court's judgment," Id., the denial on February 7, 2017 was the lower court's "last word" on the subject of legislative immunity and no additional factual determinations remain at this time. Thus, the parties agree that appellate review is appropriate at this time. See Government Response, 3-4.

**CONCLUSION**

For the foregoing reasons, Mr. James submits that his appeal of the lower court's order denying the Motion to Dismiss and/or Suppress is properly before this Court.

    Respectfully submitted,

    OMODARE B. JUPITER
    FEDERAL PUBLIC DEFENDER

    */s/ Omodare B. Jupiter*
    OMODARE B. JUPITER
    Federal Public Defender
    1115 Strand Street
    Christiansted, VI 00820
    Tel (340) 773-3585
    Fax (340) 773-3742
    E-mail:omodare_jupiter@fd.org

    */s/ Brendan A. Hurson*
    BRENDAN A. HURSON
    Asst. Federal Public Defender
    1336 Beltjen Rd., Suite 202
    Charlotte Amalie, VI 00802
    Tel (340)774-4449
    Fax (340)776-7683
    E-mail: brendan_hurson@fd.org

## CERTIFICATE OF SERVICE

I, OMODARE JUPITER, do hereby certify that I caused the foregoing to be electronically filed through the CM/ECF system with the Honorable Marcia Waldron, Clerk, United States Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, and that counsel for the government, Amanda R. Vaughn, Justin D. Weitz, and Delia Smith are registered users of this Court's CM/ECF system and will therefore receive notice of this filing.

<div style="text-align: right;">

/s/ Omodare B. Jupiter
Omodare B. Jupiter
Federal Public Defender

</div>

**<u>CERTIFICATE BAR MEMBERSHIP</u>**

I, OMODARE JUPITER, do certify that Attorney Brendan Hurson and I are employees of the Office of the Federal Defender, District of the Virgin Islands, and as such are not required to be members of this Court.

<div style="margin-left: 40%;">

Respectfully submitted,

OMODARE B. JUPITER
FEDERAL PUBLIC DEFENDER

*/s/ Omodare B. Jupiter*
OMODARE B. JUPITER
Federal Public Defender
1115 Strand Street
Christiansted, VI 00820
Tel (340) 773-3585
Fax (340) 773-3742
E-mail: omodare_jupiter@fd.org

*/s/ Brendan A. Hurson*
BRENDAN A. HURSON
Asst. Federal Public Defender
1336 Beltjen Rd., Suite 202
Charlotte Amalie, VI 00802
Tel (340)774-4449
Fax (340)776-7683
E-mail: brendan_hurson@fd.org

</div>